UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

DARREN LEWIS, :

Plaintiff, :

- against - :

NORTH GENERAL HOSPITAL and :
1199SEIU UNITED HEALTH
CARE WORKERS EAST, :

Defendants. :

- - - - - - - - - - - - - - - - - -x

**ORDER**

06 Civ. 4909(DC)

**CHIN, Circuit Judge:**

Plaintiff Darren Lewis, proceeding *pro se*, moves to reopen his employment discrimination case pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). Dkt. Nos. 47, 48. On August 23, 2007, I granted defendants' motion for summary judgment in all respects and dismissed Lewis's complaint with prejudice. Dkt. 45. The final judgment was entered on August 24, 2007. Dkt. 46. Lewis did not appeal. For the reasons set forth below, the present motion is denied.

The Second Circuit construes a motion to reopen filed more than 28 days after entry of judgment as a motion under Rule 60(b). *Meilleur v. Strong*, 682 F.3d 56, 60 (2d Cir. 2012). Rule 60(b) provides that a district court may grant relief from a final judgment under the following circumstances: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks and citation omitted).

A Rule 60(b) motion must be made "within a reasonable time" and, with respect to circumstances (1) through (3), "no more than a year after entry of judgment." Fed. R. Civ. P. 60(c)(1). The Second Circuit has had no difficulty affirming the denial of Rule 60(b) motions to reopen filed years after entry of final judgment. *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 191 (2d Cir. 2006) ("In a typical case, five years from the judgment to a Rule 60(b) motion would be considered too long by many courts.").

Here, Lewis's *pro se* motion is untimely and without merit. First, Lewis filed the present motion sixteen years after entry of final judgment. Second, his motion does not contain any legally cognizable reasoning to support reopening. Lewis claims that "[a]s a result of this case [he has] not only

2

lost [his] job and the ability to get another," but that he has also "lost [his] apartment, liberty, and pursuit of happiness." Dkt. No. 47 at 1. But the fact that Lewis has suffered and continues to suffer from the circumstances in question is not a cognizable basis for reopening the case. Lewis also claims that "no order was reached on the merit[s] of this case." Dkt. No. 48 at 1. But "a dismissal with prejudice has the effect of a final adjudication on the merits." *Nemaizer v. Baker*, 793 F.2d 58, 60 (2d Cir. 1986). Lewis presents no legal reasoning to support his motion to reopen the case sixteen years after final judgment has been entered.

    Accordingly, Lewis's motion is DENIED.

    SO ORDERED.

Dated:    New York, New York
            December 14, 2023

_____
DENNY CHIN
United States Circuit Judge
Sitting By Designation